8240

LITTLE BROS. v. BROCK.

DEPOSITIONS.—It not being made to appear that but for defendant's attorney being engaged in Court in this State on the day that depositions were duly noticed to be taken in another State, he would have been present; nor that other counsel could not have been engaged to represent him; nor that defendant was prejudiced by the refusal of the motion to suppress the deposition, its refusal is sustained as these questions are necessarily largely within the discretion of the trial Judge.

Before MEMMINGER, J., Anderson, February term, 1912. Affirmed.

Action by Little Bros. against T. H. Brock. Defendant appeals.

*Mr. A. H. Dagnal,* for appellant, cites: *Depositions should not be taken during a term of Court and when opposing counsel cannot attend:* 13 Cyc. 916, 917; 4 Ency. Ev. 332; 6 Ency. P. & P. 486; 44 Fed. R. 729.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *The question here is decided* in 88 S. C. 360; 24 Ark. 73.

July 1, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order refusing to suppress certain depositions. The action

was commenced on the 18th of December, 1911. On the 24th of January, 1912, notice was served upon defendant's attorney that the testimony of certain witnesses would be taken *de bene esse* at Knoxville, Tenn., on the 5th of February, 1912.

The following statement appears in the record:

"Court of Common Pleas for Anderson county convened February 5, 1912, and attorney for defendant had other cases set for trial on this day.

"When the case was called for trial, attorney for defendant moved the Court to suppress the depositions of N. T. Little and J. W. K. Brown, pursuant to the notice served on plaintiff's attorneys January 25, 1912. The defendant urged in the support of the motion to suppress the depositions that reasonable notice had not been given of the taking of the depositions, as the depositions had been taken while the Court of Common Pleas was in session, which Court had jurisdiction of the action, that it was impossible for defendant's attorney to be present and cross-examine the witnesses, as he was engaged in the trial of other cases in Court of Common Pleas at the time the depositions were being taken.

"The Court overruled the motion to suppress the depositions, and allowed same to be used in evidence. Defendant's attorney excepted to the ruling of the Court."

In the exceptions assigning error in this ruling, it was not made to appear, that but for the defendant's attorney being so engaged, he would have appeared at the taking of the depositions; nor that other counsel could not have been engaged to represent him, in the taking of the depositions; nor that the defendant was prejudiced by refusing the motion. Such questions are necessarily largely within the discretion of the trial Court. The case of *Gibson* v. *R. R. Co.*, 88 S. C. 360, is conclusive of the question raised by this appeal.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.